■ In the Matter of the Accounting of JOSEPH VALONE et al., as Executors and Trustees of the Will of SAMUEL VALONE, Deceased, Respondents. SALVATORE L. VALONE et al., Appellants.— Final decree reversed on the law and facts, with costs to the appellants payable out of the estate, and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: The testator was the owner of a two-third interest in a dry cleaning establishment, the remaining interest being owned by his son, the respondent Joseph Valone. The will provided that the business should continue to be operated and that "my son, Joseph Valone, shall manage said business, the profits of said business to be divided equally between my son, Joseph Valone, and my estate". The will further provided that the business should

continue to be operated until the death of the testator's widow and until the testator's daughter Ann Marie had received a college education, if she so desired, her living expenses and tuition during her college education to be paid out of the profits of the business. Then the business was to go to Joseph Valone, provided he survived the testator's widow. "All of the rest" of the testator's property was devised and bequeathed to Joseph Valone and one other child, as trustees, to pay $150 per month out of the income for the support and maintenance of the testator's widow during her lifetime "and if the income from said business is not sufficient, the Trustees are hereby authorized to use so much of the principal as shall be necessary to pay the sum of * * * ($150.00) per month". Additional payments to the widow were authorized, out of the "principal, or the profits of said estate" in case of her illness. Finally, there was a residuary clause, devising and bequeathing "all the rest of my property" to six children of the testator, not including the respondent Joseph Valone. It appears that a one-half share of the profits of the dry cleaning business during the period of its operation by the executors was in excess of the sum needed for the college education of the daughter and the monthly payments to the widow. Upon a judicial settlement of the accounts of the executors, objections were interposed by the appellant, one of the residuary legatees. The Surrogate held that the surplus of the one-half share of the profits of the business belonged to Joseph Valone as "the person presumptively entitled to the next eventual estate in said business" and that the disposition of the profits was therefore of no "concern" to the objector. The objections were accordingly dismissed. We construe the will differently. Reading all the somewhat confusing dispositive provisions together, we hold that the surplus of the one-half share of the profits of the business, which was to go to the testator's "estate", became a part of the residuary estate bequeathed to the testator's six children. The appellant therefore had an interest in the account as one of the residuary legatees and his objections should be heard and passed upon. All concur. (Appeal from a final decree of Chautauqua Surrogate's Court settling the accounts of the executors and trustees of decedent's estate, and dismissing the objections filed to said accounts.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.